Choi70.ple

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DEUK SOON CHOI, nka PEREDA, ) <br> ) <br> Defendant. ) | CRIMINAL CASE NO. 08-00003 <br> AMENDED <br> PLEA AGREEMENT |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, DEUK SOON CHOI nka PEREDA, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to Count I of an Indictment charging her with Criminal Conspiracy in violation of Title 18, United States Code, Sections 2 and 371. The government will move to dismiss Count II at sentencing.

2(a) The defendant, DEUK SOON CHOI nka PEREDA, further agrees to fully and truthfully cooperate with Federal law enforcement agents concerning their investigation of fraudulently issued Guam drivers licenses, illegal employment of aliens, and related unlawful activities. Cooperation shall include providing all information known to defendant regarding any criminal activity, including but not limited to the offense to which she is pleading guilty.

- 1 -

Cooperation will also include complying with all reasonable instructions from the United States; submitting to interviews by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States; producing to the United States all non-privileged documents (including claimed personal documents) and other materials in the possession, custody or control of defendant requested by attorneys and agents of the United States; and testifying fully and truthfully before any grand juries, hearings, trials or any other proceedings where defendant's testimony is deemed by the United States to be relevant. Defendant understands that such cooperation shall be provided to any state, territorial, local or federal law enforcement agencies designated by counsel for the United States. Further, it is understood and agreed that defendant shall not directly, indirectly, or intentionally disclose anything defendant knows or had done concerning the United States' investigation to anyone other than defendant's attorney. Defendant agrees to take no steps directly or indirectly to warn any subject of this investigation that defendant, a subject or anyone else is being investigated.

2(b) The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that she remains liable and subject to prosecution for any criminal schemes of which she does not fully advise the United States, or for any material omissions in this regard.

2(c) This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial. Thus, none of the rights and obligations described above are in any way dependent upon a grand jury returning an indictment, a jury's verdict at any trial, or the success of any prosecution.

2(d) Except as otherwise herein provided, and in particular in Paragraph 8 of this plea agreement, the United States agrees not to prosecute defendant for any other non-violent offenses which were committed in the District of Guam or the Northern Mariana Islands (CNMI) which defendant reveals to Federal authorities during his cooperation with the United States. This agreement is limited to crimes committed by defendant in the districts of Guam or the

CNMI.

3. The defendant, DEUK SOON CHOI nka PEREDA, understands that the <u>maximum</u> sentence for Criminal Conspiracy to commit Fraud in Connection with an Identification Document which is a driver's license, in violation of 18 U.S.C. §§ 371, 1028(a)(1) and 1028(b)(1)(A)(ii), is a term of fifteen (15) years imprisonment, a $250,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of supervised release of not more than three (3) years in addition to such terms of imprisonment. Defendant understands that if she violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence her up to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

3(b) If defendant cooperates as set forth in Paragraph 2, the government will recommend that defendant receive the minimum term of incarceration recommended by the Sentencing Guidelines.

3(c) The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4(a) The defendant understands that to establish a violation of Criminal Conspiracy to commit Fraud in Connection with Identification Documents as charged pursuant to 18 U.S.C. § 371, 1028(a)(1) and 1028(b)(1)(A)(ii), the government must prove each of the following elements beyond a reasonable doubt:

> <u>First</u>: beginning on or about the date charged, there was an agreement between two or more persons to commit the crime of fraud in connection with an identification document, specifically, a driver's license;
>
> <u>Second</u>: the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

-3-

> Third: one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with the jury unanimously agreeing on the particular overt act that it found was committed.

4(b) To be found guilty of Fraud in Connection with Identification Documents in violation of Title 18, United States Code §§ 1028(a)(1) and 1028(b)(1)(A)(ii), the government must prove beyond a reasonable doubt:

> First: that the defendant knowingly and without lawful authority produced an identification document, authentication feature or a false identification document, i.e. a driver's license;

> Second: the production of this document was in or affected interstate or foreign commerce.

5. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts she stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

(a) The defendant was born in 1970, and is a citizen of Korea, U.S. Greencard holder.

(b) If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing her punishment, and therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used in determining the applicable guidelines range.

(c) The defendant entered Guam August 8, 2003, on a Guam Tourist Visa Waiver, and failed to return to Korea within 15 days. Instead, she illegally remained on Guam. Because she was in the United States illegally, she was not eligible to secure a U.S. social security number or a U.S. taxpayer identification number (TIN) or any other document issued by the United States which would evidence his right to remain in the United States.

The Guam Motor Vehicle Division (MVD) regulations prohibited an alien from receiving a three-year Guam drivers license unless he has proof that he is entitled to be in the United

-4-

States, as evidenced either by an original social security card, an original, notarized letter from the Social Security Administration authenticating his social security number, or an original letter from the Internal Revenue Service authenticating his Taxpayer Identification Number (TIN).

Defendant knew that regular drivers licenses could be illegally procured from the MVD. She knew that she had no social security number or other form of authentic United States identification, so that she would have to obtain the license fraudulently. Defendant met Ms. Lee at MGM Spa, where defendant was a customer. Ms. Lee was working there. Defendant knew Ms. Lee was a tester for DMV. Defendant kept asking is there a way to get a drivers license. Eventually, Ms. Lee said "yes." Defendant bought Ms. Lee dinner and did her favors for the drivers license. On Mach 16, 2004, Eun Young Lee and the defendant submitted an application for a driver's license to the MVD, falsely certifying that defendant's TIN was XXX-XX-1770, which belonged to another person. Defendant took a written exam in Korean, which was proctored by Eun Young Lee. At a later date, Lee directed her to go to the MVD and pick up her license. Defendant went to the MVD on March 25, 2004, and was issued license number 122 809 9758. Prior to receiving her license, defendant was given a computer printout of her license format, which contained the biographical data upon which the license was issued. The driver's license biographical document reflected XXX-XX-1770 as her "Social Security/ID No." Defendant paid the $5 fee and fraudulently received a Guam driver's license. The production, issuance, transfer and use of this driver's license affected interstate and foreign commerce.

(d) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by her counsel or any other person, such discrepancies are not a basis to withdraw her guilty plea.

6. The defendant understands that this plea agreement depends on the fullness and truthfulness of her cooperation. Therefore, defendant understands and agrees that if she should

-5-

fail to fulfill completely each and every one of her obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of her plea agreement and before sentencing, the government will be free from its obligations under the plea agreement. Thus defendant, in addition to standing guilty of the matters to which she has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes, and for the counts which were to be dismissed. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against her, without limitation, any and all information, in whatever form, that she has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, to attempt to bar such use of the information.

7. Defendant understands that whether she has completely fulfilled all of the obligations under this agreement shall be determined by the court in an appropriate proceeding at which any disclosures and documents provided by defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In determining whether there has been a breach, the parties agree that any polygraph results and the polygrapher's conclusions and opinions shall be admissible.

8. In exchange for the Government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. She agrees to waive all constitutional challenges to the validity of the Sentencing Guidelines. The defendant agrees that the government has bargained for a criminal conviction arising from her conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or if any change of law renders the conduct for which she was convicted to be non-criminal, defendant agrees that she will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of

-6-

Case 1:08-cr-00003   Document 23   Filed 05/29/2008   Page 6 of 8

Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

9. The defendant acknowledges that she has been advised of her rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b) Her right to be represented by an attorney;

(c) Her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

(d) That if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, she waives, that is, gives up, the right to a trial;

(e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that she may not withdraw her guilty plea even if the court does not accept the sentencing recommendations of the government or her counsel;

(f) That, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions under oath, on the record, her answers may later be used against her in prosecution for perjury or false statement if an answer is untrue;

(g) That she agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

(h) The defendant is satisfied with the representation of her lawyer and feels that her lawyer has done everything possible for her defense;

//

(i) That this plea agreement has been translated into her native language and she fully understands it.

DATED: 5-19-08

*signature*
DEUK SOON CHOI PEREDA
Defendant

DATED: 5-19-08

*signature*
SAMUEL S. TEKER
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 5/20/08          By: *signature*
KARON V. JOHNSON
Assistant U.S. Attorney

DATED: 5/21/08

*signature*
JEFFREY J. STRAND
First Assistant U.S. Attorney